```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                         TERRE HAUTE DIVISION
```

| FREDRICK L. FORD, | ) |
|---|---|
| Petitioner, | ) |
| vs. | ) Case No. 2:13-cv-00089-WTL-MJD |
| J. OLIVER Warden, | ) |
| Respondents. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

Petitioner Fredrick Ford, an inmate of the Federal Correctional Institution at Terre Haute, Indiana, brings this action pursuant to 28 U.S.C. § 2241 challenging the constitutionality of the sentence imposed in his 2004 conviction in this District for being a felon in possession of a firearm. This sentence was imposed in No. 1:04-cr-81-01-B/F.

In 2011, Ford challenged his conviction through a motion for relief pursuant to 28 U.S.C. § 2255. His challenge was docketed as No. 1:11-cv-69-SEB-TAB. Ford's specific argument was that his Class C felony battery conviction in an Indiana state court was not a violent felony for purpose of the Armed Career Criminal Act ("ACCA"). Ford argues that under *Begay v. United States*, 553 U.S. 137 (2008), his conviction for aggravated battery, which was used to enhance his sentence, did not qualify as a crime of violence.

This court denied Ford's § 2255 motion in No. 1:11-cv-69-SEB-TAB (S.D. Ind. Dec. 30, 2011). In doing so, the court noted that Ford's motion was untimely and it was therefore denied without the court reaching the merits of his underlying claims. However, the court noted:

> *Johnson [v. United States*, 130 S.Ct. 1265 (2010)] does not rescue Ford's untimely filing. Ford's conviction of felony battery resulted from his stabbing a woman, his sister, with a butcher knife. The statutory elements of Ford's prior

> conviction of Class C felony battery were "knowingly or intentionally touch[ing] another person in a rude, insolent, or angry manner" that "results in serious bodily injury to any other person." IND. CODE ' 35-42-2-1(a)(3). As argued by the government, the elements of felony battery under Indiana law are distinguishable from the Florida statute at issue in in *Johnson*, and *Johnson* gives Ford no basis on which to mark the beginning of the statute of limitations on March 2, 2010. Moreover, Ford failed to raise his "violent felony" claim on direct appeal, so this claim is also procedurally defaulted for purposes of his §2255 motion.

The Seventh Circuit denied Ford's request for a certificate of appealability and in doing so, explained, "[w]e find no substantial showing of the denial of a constitutional right." *Ford v. United States of America*, No. 12-1175 (7th Cir. July 9, 2012).

In the present petition for writ of habeas corpus, Ford asserts that the Seventh Circuit's decision in *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011), warrants reconsideration of his sentence enhancement. But Ford has already taken advantage of one opportunity to present a *Begay*-based challenge to his sentence. That challenge was rejected in this court and the Seventh Circuit declined to review this court's decision. Nothing in *Narvaez* would change the analysis or require a different conclusion. In short, Ford has already exercised his opportunity to challenge his sentence by arguing that his conviction for aggravated battery was not a crime of violence. He is not entitled bring this challenge again. *See Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) ("Although *res judicata* does not apply in [post-conviction relief] proceedings, 'the court may still exercise its discretion not to reconsider issues decided at trial, on direct appeal, or in prior § 2255 proceedings.'").

Even if Ford's challenge here is not precluded because of the § 2255 action, reliance on *Begay* is misplaced. In *Begay*, the Court clarified what constitutes a violent felony for purposes of sentence enhancement, holding that the predicate offenses for enhancement should "involve purposeful, violent, and aggressive conduct." *Id.* at 144–45. The Court explained that a "career criminal" enhancement should be reserved for those defendants whose prior offenses involve

"purposeful or deliberate" conduct—not crimes of negligence or recklessness where the offender "need not have any criminal intent at all." *Id.* at 145–46; *see also United States v. Smith*, 544 F.3d 781, 784 (7th Cir. 2008) ("Defendants with prior convictions for offenses that do not involve 'purposeful or deliberate' conduct are not the type of defendants that Congress intended to include within its definition of an armed career criminal.") (citing *Begay*, 553 U.S. at 145–46). The Seventh Circuit has accepted the proposition that a valid claim of an improper ACCA enhancement is a claim of actual innocence for the purpose of applying rules pertaining to collateral challenges. *See Narvaez v. United States*, 674 F.3d 621, 628–30 (7th Cir. 2011). Here, Ford's conviction for aggravated battery as a result of stabbing his sister with a butcher knife satisfies the violent felony prerequisite for purposes of sentencing enhancement under the ACCA. This, in turn, would prevent further litigation of Ford's habeas claim through the savings clause found at 28 U.S.C. § 2255(e).

Accordingly, Ford's petition for a writ of habeas corpus is **denied** and this action **dismissed**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/01/2014

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

FREDRICK L. FORD
07577-028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Gerald A. Coraz
UNITED STATES ATTORNEY'S OFFICE
Email: gerald.coraz@usdoj.gov